### BEYER v. VICTOR.

(New York Superior Court — General Term, February, 1893.)

When plaintiff, who was at work on an elevator, had got a truck contain-
ing a heavy case of goods half off the elevator, a chain running through
the elevator was shaken by a fellow-servant, which action plaintiff knew
was meant to obtain an answer whether the elevator was in use.  He
was not sure that he answered the signal as was the custom; the plat-
form went down about two feet; the truck tipped; the case of goods fell
against plaintiff; he made a loud noise, and the platform was raised so
as to be level with the floor.  In an action to recover for injuries
received, *held*, that as it appeared that plaintiff understood the working
of the elevator and in particular the liability of a premature going
down of the same, and continued in the service after knowledge thereof,
he assumed all risks of what he saw and understood.  *Held*, further,
that if the negligence of his fellow-servant in the management of the
elevator caused the accident plaintiff could not recover.

APPEAL by plaintiff from judgment entered upon an order
dismissing complaint at trial term.  The opinion states the
case.

*August P. Wagener*, for plaintiff (appellant).

*Blumenthal & Hirsch*, for defendants (respondents).

SEDGWICK, Ch. J.  The action was for damages to plaintiff
from defendants' alleged negligence in not furnishing a safe
elevator.  The facts were as follows : The plaintiff had been
for seven years a porter, employed by the defendants in their
store.  Through that time, he knew, as did the other porters,
of whom a witness Leib was one, the construction of the ele-
vator and the way in which it was intended to be worked and
in which it was worked.  At the time of the accident, the
elevator was used as it had been used always.  On the day in
question the plaintiff in the course of his work rolled upon
the platform of the elevator a heavy case of goods, which was
on a four-wheeled truck and remained there.  The plaintiff
set the elevator in motion by pulling a rope, and it went to
the fourth floor.  He moved the truck, so that it went about

half upon the floor. Before he had gone farther, a chain that went down through the platform below, was shaken. He knew that was meant to obtain an answer whether the elevator was in use. The chain was shaken by Leib upon the floor below. On the trial the plaintiff was uncertain whether he, upon seeing the rope shake, spoke to the man, as the custom was. Perhaps, he believed, that as the truck was half off, he could get it all off at once, so as to clear the elevator for use, and that it was not necessary to speak. The platform went down about two feet. The truck tipped towards the plaintiff. In this way it was that he received the bodily injuries; when the case fell against him, he made a loud noise, and forthwith the platform was raised again, so as to be level with the floor.

From these facts it is evident that the plaintiff understood the way of working the elevator and in particular the liability of a premature going down of the platform. When, after knowledge of this, he continued in his service, he bore the risks which he saw and understood. Indeed, the immediate occasion of the accident was that he did not make known in time to Leib below, that he was using the elevator. Such had been the practice of years and the plaintiff knew the necessity of it. After he did speak loud enough, the platform was returned to a level with the fourth floor. On the other hand, if Leib's negligence in the management of the chain and of the rope that let on steam, caused the accident, it was the negligence of a fellow-servant that would forbid a recovery by the plaintiff.

The action of the judge below was called for by the evidence.

Judgment affirmed, with costs.

DUGRO and GILDERSLEEVE, JJ., concur.
Judgment affirmed, with costs.